UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JOHNNY RAY ASHLEY** | **CIVIL ACTION NO. 3:15-cv-1799** |
| **LA. DOC #127745** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **CALDWELL CORRECTIONS** | |
| **CENTER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Johnny Ray Ashley, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 1, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Caldwell Corrections Center (CCC) and complains that while he and his fellow inmates are not allowed to use tobacco products at the facility, corrections staff are allowed to do so. He sued the facility, its warden, the Sheriff's Office and the Sheriff and the "staff that smoke and dip" praying to "... be compensated for the stress I have been put through...if one can smoke so can the other." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

CCC is a tobacco free facility. Nevertheless, prison staff are permitted to smoke and use smokeless tobacco products. On April 28, 2015, plaintiff submitted a grievance to prison authorities complaining that "... we the inmates here are not allowed to dip or smoke but the

officers here are allowed to walk up and down the hall with dips of tobacco in their mouth and to stand at the door and smoke cigarettes..." He concluded his grievance with the request that "we the inmates would like to dip and or smoke too." Prison administration responded, "I wasn't aware that you made the rules here. Officers can dip and smoke if they'd like. They are free." [Doc. 1-1]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Constitutional Violations*

Plaintiff invokes the jurisdiction of this Court pursuant to Title 42 §1983. "Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992)(citing 42 U.S.C. § 1983). Section 1983 "is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir.1999). Thus, in order to pursue a claim under §1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States. *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir.2008). Plaintiff has not, nor can he point to a provision in the Constitution or laws of the United States which recognizes a right to use tobacco products and therefore his claim must be dismissed.

To the extent that plaintiff contends that the prison authorities have violated the right to equal protection, his claim is likewise frivolous. To establish an equal protection violation, the plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir.2001). Plaintiff cannot seriously contend that prisoners and guards are similarly situated and therefore his claim must be dismissed.

*3. Section 1997e*

Finally, plaintiff prays to be "compensated for the stress [he has] been put through." In other words, he seeks damages for mental distress. Title 42 U.S.C.§1997e(e), provides"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional

facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The " 'physical injury' required by § 1997e(e) 'must be more than *de minimus* [sic], but need not be significant.' " *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)) (alteration in original).

Here, plaintiff has alleged no physical injury, nor can the undersigned imagine any physical injury which could have resulted from the facts alleged and therefore his claim is frivolous.

*Conclusion and Recommendation*

Based on the foregoing

**IT IS RECOMMENDED THAT** plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, September 21, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**